UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4330 STATE STREET, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 07-8672 |
| WILLIAM ALDEN AND<br>USAA CASUALTY INSURANCE COMPANY | SECTION "F"(5) |

ORDER AND REASONS

Before the Court is USAA's Motion to Dismiss for improper joinder.  For the reasons that follow the motion to dismiss is DENIED and this action is REMANDED to state court.

I.  Background

Plaintiff's claims arise from alleged damage to property located at 4330 State Street Drive in New Orleans as a result of a fire that occurred on August 29, 2005 at adjacent property owned by the defendant, William Alden.

On November 14, 2007, USAA removed the case to federal court on the ground of diversity jurisdiction, arguing that Alden had been improperly joined as a defendant in the state court proceeding in an attempt to avoid federal court diversity jurisdiction.[1]  USAA now moves to dismiss Alden from this suit.

---

[1] No motion to remand has been filed.  However, in the plaintiff's Opposition to this motion, plaintiff asks that this Court deny the motion to dismiss and remand this case to state court for lack of subject matter jurisdiction.  Federal courts have a continuing obligation to examine the basis for their jurisdiction.  MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 173 (5th Cir. 1990).

1

II.

Federal Courts are courts of limited jurisdiction, possessing only the authority endowed by the United States Constitution and conferred by the United States Congress. <u>Epps v. Bexar-Medina-Atascosa Counties Water Improvement District No. 1</u>, 665 F.2d 594, 595 (5th Cir. 1982); <u>Ziegler v. Champion Mortg. Co.</u>, 913 F.2d 228, 229 (5th Cir.1990). Improper joinder is established by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>Smallwood v. Illinois Cent. R.R. Co., Inc.</u>, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). In deciding whether plaintiff is unable to establish a cause of action against the nondiverse defendant, the Court determines whether the defendant has demonstrated that plaintiff has no possibility of recovery against the party whose joinder is questions. <u>Id.</u> at 573. The possibility of recovery must be reasonable, not merely theoretical. <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 312 (5th Cir. 2002)(citations and quotations omitted).

This Court may look at the allegations of the complaint alone, and employ a Rule 12(b)(6) analysis to determine whether it states a claim upon which relief can be granted. <u>Smallwood</u>, 385 F.3d 568, 573. Alternatively, if the plaintiff has stated a

claim, but has misstated or omitted facts that would determine the propriety of joinder, the Court may, in its discretion, pierce the pleadings and conduct a limited summary inquiry to determine if it has diversity jurisdiction.  Id. at 573-574.

### III.

The foundation for the argument for dismissal of Alden is the assertion that the plaintiff has no possibility of recovery against Alden.  Plaintiff counters that the argument is without merit because Louisiana's Direct Action Statute, La. R.S. 22:655(B)(1), places an affirmative duty on plaintiff to name Alden as a defendant.  Plaintiff argues, and this Court agrees, that Alden was a necessary and indispensable party and, therefore, as a matter of law, his joinder was not fraudulent.

Louisiana's direct action statute provides:

> B.(1) The injured person...shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido...However, such action may be brought against the insurer alone only when:
>
> (a) The insurer has been adjudged a bankrupt...or when proceedings to adjudge an insured a bankrupt have been commenced...
> (b) The insured is insolvent...
> (c) Service of citation or other process cannot be made on the insured
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their

```
            parents or between married persons;
   (e)      When the insurer is an uninsured
            motorist carrier; or
   (f)      The insured is deceased.
```

None of the statutory exceptions is an issue; plaintiff was required to name and serve Alden as a defendant.

For the foregoing reasons, this Court finds that Alden was not improperly joined and is a necessary and indispensable party to this litigation. As such, there is no diversity of citizenship.

Accordingly, USAA's Motion to Dismiss is DENIED and this matter is REMANDED to state court.

New Orleans, Louisiana, June 11, 2008.

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE

4